**GLOBAL ENTERPRISES, LLC,**
**Plaintiff-Appellant,**

v.

**MONTGOMERY PURDUE BLAN-KINSHIP & AUSTIN PLLC,**
**Defendant-Appellee.**

Nos. 14-35841, 15-35026

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 19, 2017 Seattle, Washington

Filed May 26, 2017

Kristin Beneski, Attorney, John Raymond Neeleman, Attorney, Lane Powell PC, Seattle, WA, Philip A. Talmadge, Esquire, Talmadge/Fitzpatrick/Tribe, Seattle, WA, for Plaintiff-Appellant

Charles Lemley, Richard A. Simpson, Attorney, Wiley Rein LLP, Washington, DC, Bradley S. Keller, Keith D. Petrak, Byrnes Keller Cromwell LLP, Seattle, WA, for Defendant-Appellee

Before: HAWKINS, GOULD, and PAEZ, Circuit Judges.

MEMORANDUM *

Global Enterprises, LLC ("Global") appeals the adverse grant of summary judgment to Montgomery Purdue Blankinship & Austin PLLC ("Montgomery Purdue") in its malpractice and breach of fiduciary

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

duty action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Global has not offered sufficient evidence to create a genuine issue of material fact whether Global and Montgomery Purdue formed an attorney-client relationship in the EVYA case. *See Bohn v. Cody*, 119 Wash.2d 357, 832 P.2d 71, 75 (1992). While Global's Frank Steuart avers he believed Montgomery Purdue represented Global in the EVYA case, that belief was not reasonable based on the attending circumstances at trial. *See id.* (explaining that the court considers the reasonableness of a client's belief at the time of the allegedly tortious act). Accordingly, there was no error in granting summary judgment to Montgomery Purdue on this claim.

2. Global's breach of fiduciary duty claim also fails. Although Montgomery Purdue did owe Global a fiduciary duty in the Stabbert case, *see In re Estate of Larson*, 103 Wash.2d 517, 694 P.2d 1051, 1054 (1985), that duty did not require Montgomery Purdue to protect Global's interests in the EVYA case. Additionally, Montgomery Purdue did not impermissibly limit the scope of its representation under Washington Rule of Professional Conduct 1.2(c). Accordingly, there was no error in granting summary judgment to Montgomery Purdue on this claim.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.